Citation Nr: 1602959 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 02-12 620 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Entitlement to service connection for a right knee disability.

2. Entitlement to service connection for a right shoulder disability.

3. Entitlement to a compensable rating for right ear hearing loss.

(The issue of entitlement to service connection for right ear disease is addressed in a separate decision with the same docket number.)


REPRESENTATION

Appellant represented by: Stephen B. Bennett, Attorney


ATTORNEY FOR THE BOARD

T. L. Douglas, Counsel
INTRODUCTION

The appellant is a Veteran who served on active duty from May 1979 to June 1982. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2013 rating decision by the North Little Rock, Arkansas, Regional Office (RO) of the Department of Veterans Affairs (VA). Although the Veteran requested a videoconference hearing in a January 2015 substantive appeal, these issues were not addressed at a Board videoconference hearing in April 2015.

The Board notes that the Veteran's statements in the January 2015 substantive appeal may also be construed as raising the issue of entitlement to service connection for left ear hearing loss, and that issue is inextricably intertwined with the right ear hearing loss increased rating issue on appeal. Therefore, the left ear hearing loss issue must be adjudicated prior to appellate review of the right ear hearing loss issue.


REMAND

A review of the record shows that additional development is required as to the right ear hearing loss issue prior to appellate review. The Board notes that the Veteran raised the issue of entitlement to service connection for left ear hearing loss in January 2015 and that matter is inextricably intertwined with the increased rating issue on appeal. The Veteran's statements in the January 2015 substantive appeal asserted that a September 1981 service medical report revealed hearing loss in both ears and that a December 1979 report noted bilateral otitis. A June 2013 VA audiology examination report provided diagnoses of right and left sensorineural hearing loss and indicated a belief that hearing loss was caused by or a result of an event in military service because the Veteran was "already service connected for impaired hearing." Therefore, the Board finds that additional development is required for an adequate determination of the issue remaining on appeal. Because the claim for service connection for left ear hearing loss is inextricably intertwined with the claim for increased rating for right ear hearing loss, it must be resolved prior to rating the right ear hearing loss.

In addition, although the Veteran requested a videoconference hearing in a January 2015 substantive appeal, these issues were not addressed at a Board videoconference hearing in April 2015. Therefore, the Veteran should be scheduled for a hearing on the three issues addressed in this remand by videoconference.

Accordingly, the case is REMANDED for the following action:

1. Obtain all pertinent VA medical records not yet associated with the appellate record, and associate them with the record. 

2. Schedule the Veteran for a VA audiology examination to determine the severity of service-connected right ear hearing loss and for an opinion as to whether it is at least as likely as not (50 percent or greater probability) that left ear hearing loss was incurred as a result of service or a service-connected disability. The examiner must review the evidence of record and must note that review in the report. All necessary tests and studies should be conducted. The examiner should state what occupational and social impairment is caused by hearing loss and the effects on daily life.

3. Develop and adjudicate the claim for service connection for left ear hearing loss. Notify the Veteran of any decision and of his procedural and appellate rights.

4. Then, readjudicate the claim for increased rating for right ear hearing loss. If any decision is adverse to the Veteran, issue a supplemental statement of the case that considers all evidence received since the most recent supplemental statement of the case and allow the applicable time for response.

5. Then, schedule the Veteran for a videoconference hearing before the Board on the issues addressed in this remand. Notify the Veteran and representative of the date, time, and location of the hearing.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).


Department of Veterans Affairs